**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4884**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

TERRANCE MCCRAY,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  James R. Spencer, District Judge.  (3:13-cr-00046-JRS-1)

———————

Submitted:  May 22, 2014                Decided:  May 28, 2014

———————

Before TRAXLER, Chief Judge, and HAMILTON and DAVIS, Senior Circuit Judges.

———————

Affirmed in part and dismissed in part by unpublished per curiam opinion.

———————

Robert L. Flax, Richmond, Virginia, for Appellant.  Dana J. Boente, Acting United States Attorney, Thomas K. Johnstone IV, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrance McCray appeals from his conviction and twenty-four-month sentence after he pled guilty pursuant to a plea agreement to one count of conspiracy to commit bank fraud and mail theft, in violation of 18 U.S.C. §§ 371, 1344, 1708 (2012). McCray asserts that the criminal judgment against him should be vacated because he argues it was plain error for him to plead guilty with the misapprehension that his federal sentence would run concurrent to the state sentence he was then serving.[1] In response, the Government invokes the appellate waiver in McCray's plea agreement, which provides that McCray waived his right to appeal his conviction and any sentence within the five-year statutory mandatory maximum applicable to his conviction. We affirm in part and dismiss in part.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2012). United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). We review the validity of an appellate waiver de novo and will uphold a waiver

---

[1] Because counsel submitted an advocate's brief on the merits, we decline counsel's invitation to perform a review under Anders v. California, 386 U.S. 738 (1967), should we find his primary argument to be meritless. McCoy v. Court of Appeals of Wis., Dist. 1, 486 U.S. 429, 439 n.13 (1988) ("The Anders requirement assures that indigent defendants have the benefit of . . . a diligent and thorough review of the record and an identification of any arguable issues revealed by that review.").

of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

An appellate waiver is valid if the defendant's agreement to the waiver was knowing and intelligent. Id. at 169. To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). Generally, if a district court fully questions a defendant regarding the waiver of appellate rights during the Fed. R. Crim. P. 11 colloquy and the record indicates that the defendant understood the significance of the waiver and was not denied effective assistance of counsel, the waiver is valid. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). The totality of the circumstances compels the conclusion that McCray knowingly and intelligently waived his right to appeal and, thus, his appeal is barred, at least in part, by the appellate waiver.

Despite the foregoing, McCray contends that he misunderstood that his federal sentence could be run consecutive to his state sentence, thereby rendering his guilty plea unknowing and involuntary. Although a defendant's waiver of

3

appellate rights cannot foreclose a colorable constitutional challenge to the voluntariness of a guilty plea, see, e.g., United States v. Attar, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994), Rule 11 does not require that a district court inform a defendant that a sentence may be imposed consecutive to another sentence. See General, 278 F.3d at 395. In fact, Rule 11 requires, in relevant part, that the court "inform the defendant of, and determine that the defendant understands, . . . any maximum possible penalty, including imprisonment, fine, and term of supervised release[.]" Fed. R. Crim. P. 11(b)(1)(H). The magistrate judge—to whose jurisdiction McCray consented—complied with this requirement. We nonetheless conclude that McCray's plea agreement, the magistrate judge's Rule 11 colloquy, and the assurances McCray made during that colloquy were sufficient to render his plea knowing and voluntary.

Accordingly, to the extent McCray raises claims within the scope of the appellate waiver, we dismiss in part. We nonetheless affirm in part to the extent McCray raises claims not barred by the appellate waiver.[2] We dispense with oral

---

[2] Although McCray summarily asserts he received ineffective assistance of counsel, a claim not barred by the appellate waiver in his plea agreement, the record does not conclusively demonstrate that counsel was ineffective. See United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998) ("A defendant can raise the claim of ineffective assistance of counsel . . . on direct appeal if and only if it conclusively appears from the (Continued)

4

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

---

record that his counsel did not provide effective assistance[.]").